```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION


DEBORAH MCJUNKIN                                         PLAINTIFF

v.                          No. 08-6103

GENERAL CABLE INDUSTRIES, INC.
and GENERAL CABLE CORPORATION
SHORT TERM DISABILITY PLAN                              DEFENDANTS
```

**ORDER**

Currently before the Court are Plaintiff's Motion for Remand to State Court and supporting brief (Docs. 7-8), Defendants' Response and supporting brief (Docs. 10-11) and Plaintiff's Reply (Doc. 13). Plaintiff disputes the existence of jurisdiction and contends the amount in controversy does not exceed $75,000. (Docs. 7-8). For the reasons that follow, Plaintiff's Motion to Remand (Doc. 7) is DENIED.

Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by congress." *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement is met in one of two ways: (1) the case

in question involves a federal question, (2) diversity jurisdiction exists. In a case where the plaintiff's pleadings do not allege a federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states." 28 U.S.C. § 1332(a). The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005). This rule applies even in a removed case where the party invoking jurisdiction is the defendant. *Id*. In the present case, it is not disputed that diversity of citizenship exists and the only issue is whether the $75,000 statutory minimum is met.

## I.  Procedural History

Plaintiff filed her Complaint against Defendant on October 22, 2008, in the Circuit Court of Hot Spring County, Arkansas (Doc. 2) asserting claims for breach of contract, bad faith, breach of fiduciary duty and intentional/negligent infliction of emotional distress. Plaintiff seeks an undisclosed amount of compensatory damages, punitive damages, attorney's fees, penalty, interest and costs.

Defendants removed the action from state court to this Court asserting the existence of diversity jurisdiction under 28 U.S.C. 1332(a) (Doc. 1). Plaintiff filed a Motion to Remand (Doc. 7) contending that Defendants failed to demonstrate that the amount-in-controversy was satisfied. Defendants state that the jurisdictional amount is satisfied because Plaintiff seeks punitive

damages, attorney's fees, a 12% penalty, interest and costs.

**II.  Amount in Controversy**

"As the party seeking removal and opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1936); *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *In re Business Men's Assurance Company of America*, 992, F.2d 181, 183 (8th Cir. 1993).  In a diversity case, where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

In determining the amount in controversy, the Court may consider the 12% penalty and attorney's fees that may be awarded pursuant to Ark. Code Ann. § 23-79-208.  *Toller v. Sagamore Ins. Co.*, 514 F.Supp.2d 1111, 1115 (E.D. Ark. 2007).  While this alone may not be sufficient to reach the requisite amount, Plaintiff seeks an award of punitive damages.  In reviewing past awards for punitive damages in bad faith insurance cases in Arkansas, the amount in controversy on the bad faith claim could realistically exceed $75,000.  *See Southern Farm Bureau Cas. Ins. Co. v. Allen*, 934 S.W.2d 527 (Ark. 1996); *Viking Ins. Co. of Wisconsin v. Jester*, 836 S.W.2d 371 (Ark. 1992); *Employer's Equitable Life Ins. Co. v. Williams*, 665 S.W.2d 873 (Ark. 1984); *Aetna Cas. & Sur. Co. v.*

*Broadway Arms Corp.*, 664 S.W.2d 463 (Ark. 1984). Additionally, Plaintiff seeks damages for mental anguish.

### III. Conclusion

The Court finds Defendants have proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Plaintiff's Motion to Remand (Doc. 7) is hereby DENIED.

IT IS SO ORDERED this 17th day of December, 2008.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge